UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHTON A. SMITH,

        Plaintiff,

Case No. 1:23-cv-637

Hon. Paul L. Maloney

v.

UNKNOWN WILLIAMS and
UNKNOWN SANBORN,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action filed by Ashton A. Smith ("Smith"), a prisoner in the custody of the Michigan Department of Corrections (MDOC). Smith sues Health Unit Manager (HUM) Williams and Prison Counselor (PC) Sanborn pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and the Rehabilitation Act (RA). *See* Opinion (ECF No. 21, PageID.114, 132). This matter is now before the Court on defendants' motion for summary judgment on the basis of exhaustion (ECF No. 32).

    **I.**    **Smith's complaint**

The incidents in this lawsuit occurred at the Ionia Correctional Facility (ICF). Opinion at PageID.114. Smith set forth the following allegations against HUM Williams and PC Sanborn. Smith is legally blind and needs accommodations (*e.g.*, a reader/writer, ground floor, no steps, and no stairs). Compl. (ECF No. 1, PageID.2). When Smith transferred to ICF on April 25, 2023, he told Williams about his vision problems and requested to be transferred to a medical facility. Williams ignored Smith's request and threatened him with worse conditions after Smith

1

stated that he would file a grievance. *Id*. at PageID.2-4. On or about May 8, 2023, Sanborn told Smith: that he had received a misconduct ticket; that he was in segregation because he was "complaining;" and, that he would continue to get tickets if he continued to complain. *Id*. at PageID.6. Smith seeks injunctive relief and damages. *Id*. at PageID.11-12. Smith filed his complaint on June 20, 2023. *Id*. at PageID.12. After initial screening, the following claims remain in this case: (1) Smith's official capacity ADA and RA claims; (2) Smith's First Amendment retaliation claims; and (3) Smith's Eighth Amendment deliberate indifference claims. Opinion at PageID.132.

## II. Legal standard

### A. Summary judgment

Defendants moved for summary judgment for lack of exhaustion. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B.    Lack of Exhaustion

#### 1.    Exhaustion requirement

The Prison Litigation Reform Act (PLRA) provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court.  This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007).

In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance

3

procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

### 2. MDOC Grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* MDOC Policy Directive ("PD") 03.02.130 (effective March 18, 2019). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ Q. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ Q and S. The Policy Directive provides the following directions for completing grievance forms:

> The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ S (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id.* at ¶ W. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ DD. Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ HH.

### III. Discussion

Defendants point out that Smith did not comply with the PLRA because he filed his complaint before exhausting any grievances at ICF through Step III. *See* Defendants' Brief (ECF No. 33, PageID.174-176). Title 42 U.S.C. § 1997e(a) states that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." As the Sixth Circuit explained,

> While we recognize that plaintiff made some attempts to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed. The plain language of the statute makes exhaustion a precondition to filing an action in federal court[.]

*Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). For this reason, defendants seek summary judgment for lack of exhaustion.

In his response, Smith points out that defendants interfered with his ability to file grievances, *i.e.*, "MDOC Defendants erected barriers that prevented plaintiff, a legally blind prisoner from exhausting administrative remedies rendering the remedies unavailable." Smith's Response (ECF No. 43, PageID.271). "An inmate need exhaust only such administrative remedies as are 'available'." *Ross v. Blake*, 578 U.S. 632, 648 (2016). "[W]hen prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . , such interference with an inmate's pursuit of relief renders the administrative process unavailable." *Id*. at 644. *See also*, *Belser v. James*, No. 16-2578, 2017 WL 5479595 at *2 (6th Cir. June 6, 2017) (Unpublished Order) (quoting *Ross*).

Smith also filed a 15-page declaration (ECF No. 44) with 59 pages of exhibits (ECF Nos. 44-1 through 44-16). In his declaration, Smith stated that the MDOC interfered with his ability to file grievances by, among other things: not accommodating his visual impairment to enable him to pursue grievances; not providing him with Step II appeal forms; placing him on modified access status; and, denying his requests for Step I grievance forms while he was on modified access. *See* Smith Decl.

5

Smith's declaration creates genuine issues of material fact regarding whether MDOC officials interfered with his ability to complete the grievance process prior to filing this lawsuit.  Accordingly, defendants' motion for summary judgment on the basis of exhaustion should be denied.

### IV.    Recommendation

For these reasons, I respectfully recommend that defendants' motion for summary judgment (ECF No. 32) be **DENIED**.

Dated:  May 29, 2024                    /s/ Ray Kent
                                        RAY KENT
                                        United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).