UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ASHTON A. SMITH, #619752,         )<br>                    Plaintiff,    )<br>                                  )    No. 1:23-cv-637<br>-v-                               )<br>                                  )    Honorable Paul L. Maloney<br>UNKNOWN WILLIAMS, *et al.*,       )<br>                    Defendants.   )<br>                                  )  | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Ashton Smith, a prisoner under the control of the Michigan Department of Corrections, filed this complaint alleging violations of his civil rights. Defendants Williams and Sanborn filed a motion for summary judgment (ECF No. 80). Plaintiff filed a motion for an injunction (ECF No. 107). The Magistrate Judge issued a report recommending the court grant Defendants' motion and deny Plaintiff's motion (ECF No. 113). Plaintiff filed objections (ECF No. 115). The court will adopt the report and recommendation.

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

II.

The Magistrate Judge provided context for the complaint, identified the remaining defendants and Plaintiff's remaining causes of action. Plaintiff does not object to this summary.

### A. Eighth Amendment

The Magistrate Judge found that the MDOC's Classification Director transferred Plaintiff to ICF, where the events giving rise to this lawsuit occurred (R&R PageID.1146). Both the Classification Director and the MDOC's ADA coordinator found that ICF met Plaintiff's medical needs (*id.* PageID.1146-47). Plaintiff objects (#5). He insists that ICF did not meet his medical needs.

The court overrules this objection. The Magistrate Judge noted only that MDOC officials stated that Plaintiff's needs would be met at ICF. The Magistrate Judge did not make any determination about whether that statement was true. That said, Plaintiff's disagreement with the MDOC officials' assessment does not create a genuine issue of material fact.

Relying on affidavits from Defendants, the Magistrate Judge found that neither Defendant Williams nor Defendant Sanborn had the authority to transfer Plaintiff to another correctional facility (*id.* PageID.1147). The Magistrate Judge also found that neither Williams nor Sanborn had any authority to order or to provide ADA accommodations (*id.* PageID.1147-48). Plaintiff objects to these findings (#1, 2, 3, 4, 6, 7, 8, 10, 11, and 12). Plaintiff points to various MDOC documents, including policy directives and job descriptions. Plaintiff contends he has created a genuine issue of material fact.

The court overrules Plaintiff's objections. The court has reviewed the Policy Directives (ECF Nos. 92-18 and 92-19) and Williams' job description (ECF No. 92-14) and disagrees with Plaintiff's interpretation of those documents. The documents do not provide a sufficient basis for the court to reject or to modify the R&R.

The court also overrules Objection #9. The Magistrate Judge quoted a statement from Defendant Sanborn. The Magistrate Judge did not conclude whether the statement was true or not. Plaintiff has not explained how correction of any error here would alter the outcome.

### B. First Amendment Retaliation

The Magistrate Judge found that neither Defendant wrote or reviewed a misconduct report involving Plaintiff. The Magistrate Judge concluded that Plaintiff's evidence did not create a genuine issue of material fact that other MDOC employees retaliated against Plaintiff on behalf of Defendants. Plaintiff objects (#13 and 14).

The court overrules Plaintiff's objections. Plaintiff has not provided a sufficient basis for this court to find any factual or legal error in the R&R.

### C. Qualified Immunity

Plaintiff objects to the recommendation that Defendants enjoy qualified immunity because Plaintiff could not establish a constitutional violation. Relying on his earlier objections, Plaintiff objects here (#15). The court overrules Plaintiff's objection.

### D. ADA/RA – Injunction

The Magistrate Judge concludes that because Plaintiff has been transferred to a different facility, his requests for injunctive relief are moot. Plaintiff objects (#16). The court agrees with the authority and reasoning provided in the R&R.

### III.

For these reasons, the Court **ADOPTS** the Report and Recommendation (ECF No. 113). The court **GRANTS** Defendants' motion for summary judgment (ECF No. 80) and **DENIES** Plaintiff's motion (ECF No. 107). **IT IS SO ORDERED.**

Date:   September 30, 2025                                         /s/  Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge